# IN THE COURT OF APPEALS OF IOWA

————————————

No. 24-1371
Filed July 22, 2026

————————————

**Michael Alexander Lajeunesse,**
Applicant–Appellant,

v.

**State of Iowa,**
Respondent–Appellee.

————————————

Appeal from the Iowa District Court for Polk County,
The Honorable Christopher Kemp, Judge.

————————————

**AFFIRMED**

————————————

John J. Bishop, Cedar Rapids, attorney for appellant.

Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney General, attorneys for appellee.

————————————

Considered without oral argument
by Tabor, C.J., Chicchelly, J., and Vogel, S.J.
Opinion by Vogel, S.J.

**VOGEL, Senior Judge.**

In 2017, a jury convicted Michael Lajeunesse of attempted murder and willful injury causing serious injury for beating and strangling a woman with whom he had a romantic relationship. Our court affirmed his convictions on direct appeal. *State v. Lajeunesse*, No. 17-0507, 2018 WL 1099024, at *6 (Iowa Ct. App. Feb. 21, 2018). Procedendo following that appeal issued in April 2018. Lajeunesse then filed his first postconviction-relief (PCR) application in 2018 and a second one in 2019; our court affirmed the district court's rulings denying relief in both cases.[1]

In May 2022, Lajeunesse filed his third PCR application, alleging "ineffective assistance of counsel and violations of [his] due processes." The State filed a motion for summary disposition, arguing that the action was time-barred under Iowa Code section 822.3 (2022).[2] Lajeunesse, proceeding pro se, filed a "cross-motion for summary disposition," raising various claims against his prior PCR counsel and asserting that the State was not entitled to summary disposition because the district court's ruling dismissing his second PCR application was "void." After a hearing, the district court granted the State's motion, finding that Lajeunesse "failed to show that an alleged ground of fact or law could not have been raised within the applicable time

---

[1] *See Lajeunesse v. State*, No. 19-1715, 2022 WL 469408, at *2–4 (Iowa Ct. App. Feb. 16, 2022) (affirming denial of first PCR application); *Lajeunesse v. State*, No. 21-0817, 2022 WL 1654831, at *1–4 (Iowa Ct. App. May 25, 2022) (explaining procedural history of PCR applications and affirming dismissal of second PCR application).

[2] Under that code section, a PCR application "must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." Iowa Code § 822.3. "However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period." *Id.*

period; therefore, the statute of limitations is not tolled, and this action is barred."

Lajeunesse now appeals, claiming there were "genuine issues of material facts" as to whether the ground-of-fact exception under section 822.3 should apply because "he was unable to present the testimony of the [victim's] treating physician within the three[-]year limitation period" for "reason[s] out of his control." But Lajeunesse did not make this argument below in resisting the State's motion for summary disposition. Nor did the district court consider this argument regarding the ground-of-fact exception. Lajeunesse therefore failed to preserve error on this issue. *See Lamasters v. State*, 821 N.W.2d 856, 862–64 (Iowa 2012); *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).

In any event, we concur with the district court that Lajeunesse did not establish an exception to the three-year limitation period under section 822.3.[3] *See Harrington v. State*, 659 N.W.2d 509, 520–21 (Iowa 2003) (discussing required showing for ground-of-fact exception). Therefore, Lajeunesse's third PCR application is time-barred. Because a full opinion would neither give the parties a better analysis than they already received from the district court nor clarify existing law, we affirm by memorandum opinion. *See* Iowa Ct. R. 21.26(1)(a), (d)–(e).

**AFFIRMED.**

---

[3] Our review is for correction of errors at law. *See Linn v. State*, 929 N.W.2d 717, 729–30 (Iowa 2019).